UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANTE HENDERSON, | Case No. 5:10CV339 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | Magistrate Judge George J. Limbert |
| KEITH SMITH[1], Warden, | |
| Respondent. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Petitioner Dante Henderson ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Stark County, Ohio Court of Common Pleas conviction on five counts of Aggravated Robbery in violation of Ohio Revised Code (ORC) § 2911.01, one count of Attempted Aggravated Robbery in violation of ORC § 2923.02(A), and five firearm specifications. *Id.* On June 4, 2010, Respondent Keith Smith ("Respondent") filed an answer. ECF Dkt. #12. On July 26, 2010, Petitioner filed a traverse. ECF Dkt. #17.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

## I. SYNOPSIS OF THE FACTS

The Fifth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). As set

---

[1] Petitioner is housed at Mansfield Correctional Institution, where Terry Tibbals is the warden. *See http://www.drc.ohio.gov/Public/gci.htm*. "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . ." *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004). Accordingly, the Petition should be amended to name Terry Tibbals as respondent.

forth by the Ohio Court of Appeals, the facts are:

> On May 23, 2008, the Stark County Grand Jury indicted appellant, Dante Henderson, on nine (9) counts of aggravated robbery, in violation of R.C. 2925.11 and one count of attempted aggravated robbery. Each count was accompanied by a firearm specification.
>
> Said charges arose from an investigation involving a series of robberies or attempted robberies which took place in Massillon between June, 2007, and April, 2008, which included New Home Sing Restaurant, Check into Cash, BP Oil, Pizza Pan, Papa John's, Massillon Speedway in addition to a Canton Sheetz station and a Perry Township Sheetz station.
>
> The robberies at Pizza Pan, BP Oil and Speedway were captured on video and revealed that the perpetrator in both the Pizza Pan and Speedway robberies wore the same black flight jacket and face covering.
>
> Massillon Police Department Detective Kenneth Hendricks and Thomas Solinger worked on the investigation.
>
> A witness at the Perry Township Sheetz station was able to obtain the license plate number from the car driven by the perpetrators. The plate was registered to Karen Brown, who has two sons, Dante Henderson and Derrick Brown. Based on this information, Det. Solinger began looking at Brown's sons as suspects, specifically Dante Henderson.
>
> One month later, Check into Cash was robbed again. Dt. Solinger believed Dante Henderson was again the perpetrator. He knew that Henderson had a girlfriend in Canton and suspected he would go there after the robbery. Det. Solinger contacted Canton Police Detective Greenfield and requested that Canton officers go to Henderson's girlfriend's apartment to see if Henderson was there.
>
> Henderson and his girlfriend were both present at the apartment when police arrived. Greenfield, Hendricks and Solinger obtained consent to search the apartment from Henderson and his girlfriend. During the search officers found the flight jacket Henderson wore during the Pizza Pan and Speedway robberies, the head scarves that he used to conceal his face, a loaded Ruger .9 millimeter weapon, .9 millimeter ammunition and cash in a dresser drawer totaling within ten dollars of what had been taken from Check into Cash two hours earlier.
>
> Henderson was transported to the Massillon Police Department. There, he was provided with his Miranda warnings for a third time. Henderson waived his rights and agreed to speak with Hendricks, Solinger and Detective Barker. Henderson gave a 27-minute taped statement. The officers assured Henderson that they would tell the prosecutor that he cooperated with them and Henderson agreed that this was the only promise officers had made in exchange for his confession. Hendricks then read Henderson's Miranda warnings again, and Henderson acknowledged that he understood each right and desired to waive those rights.
>
> Henderson admitted to committing all ten robberies. He explained that he covered his face with a "do-rag" for each robbery. He also admitted he didn't use the same weapon each time. The gun he used in the New Home

> Sing robbery was later confiscated by the Akron Police department when he was arrested for having weapons under disability. After that, he used a Ruger .9 millimeter or a chrome .22 or .25 that belonged to "Duke," his accomplice in the BP and Speedway robberies. When asked what kind of weapons he used in the Papa John's robbery, Henderson said he couldn't remember, but thought it was the black automatic pistol.

ECF Dkt. #12-15 at 3-5.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On May 23, 2008, the Stark County, Ohio Grand Jury indicted Petitioner on nine counts of Aggravated Robbery in violation of ORC § 2911.01(A)(1), one count of Attempted Aggravated Robbery in violation of ORC §§ 2923.02(A) and 2911.01(A)(1), with each count accompanied by a firearm specification. ECF Dkt. #12-2 at 1.

On June 17, 2008, Petitioner, through counsel, moved to suppress any evidence obtained as a result of his statements to law enforcement on or about April 14, 2008. ECF Dkt. #12-4. Petitioner alleged that his waiver of *Miranda* rights and his confession were involuntarily made because they were induced by a detective's statements promising him leniency with regard to the number of gun specifications that would be charged against him. ECF Dkt. #12-4. The trial court denied the motion on September 3, 2008. ECF Dkt. #12-5.

On September 22, 2008, Petitioner entered no contest pleas to four counts of aggravated robbery. ECF Dkt. #12-7 at 1-2. The court thereafter accepted the no contest pleas and found Petitioner guilty of four counts of aggravated robbery. *Id.* at 2. Petitioner waived his right to be tried by the jury on the remaining counts and after a bench trial, the trial court found him guilty of five counts of aggravated robbery, one count of attempted aggravated robbery, and five firearm specifications. ECF Dkt. #12-9. The trial court acquitted Petitioner on the firearm specification that accompanied the count five aggravated robbery charge. *Id*. at The trial court thereafter sentenced Petitioner on all of the convictions to a total of twenty-four years of imprisonment. *Id*. at 4-5.

### B. Direct Appeal

On October 27, 2008, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the Fifth District. ECF Dkt. #12-11. Petitioner, through counsel, filed a brief in support of his direct appeal, raising the following assignments of error:

> I. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS.
>
> II. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

ECF Dkt. #12-12 at 5.

On August 17, 2009, the Fifth District Court of Appeals denied the appeal and affirmed the trial court's judgment of conviction. ECF Dkt. #12-15.

### C. Supreme Court of Ohio

On September 28, 2009, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #12-16. Petitioner, pro se, filed a memorandum in support of jurisdiction, raising the following propositions of law:

> Proposition of Law No. 1: DIMINISHED CAPACITY
>
> Proposition of Law No. 2: TRIAL COURT ERRED WHEN NOT SUPPRESSING CONFESSION STATEMENT
>
> Proposition of Law No. 3: MANIFEST WEIGHT OF EVIDENCE
>
> Proposition of Law No. 4: INEFFECTIVE ASSISTANCE OF COUNSEL
>
> Proposition of Law No. 5: ABUSE OF DISCRETION BY THE TRIAL COURT

ECF Dkt. #12-17 at 6-17. On December 2, 2009, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question. ECF Dkt. #12-18 at 1.

### D. 28 U.S.C. § 2254 Petition

On January 31, 2010, Petitioner filed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> GROUND ONE: Diminished Capacity – Appellant contends that he was inebriated and severely impaired by being under the influence of marijuana and embalming fluid whereby he was recognizably incapacitated at time he is supposed cognitive to waive Miranda Rights. That he clearly suffered from

-4-

> Diminished Capacity in a very compound sense, and thus, is not held culpable for such a waiver, violating his most basic and fundamental Constitutional Rights to Due Process, Right to Legal Counsel prior to any and all questioning, and as a circumference; denied his rights to a fair trial.
>
> GROUND TWO:   Appellant was denied his Constitution[sic] Right under the Fifth, Sixth, and Fourteenth Amendment[sic] to the United States Constitution when the Trial Court failed to suppress Confession Statement made without legal counsel and while Appellant was clearly and substantially impaired by being under the heavy use and severe intoxicating effects of marijuana and embalming fluid.  Further, Appellant submits that his interrogation comprised of words and actions on the part of the police that the police knew were reasonably likely to elicit an incriminating response from him.  That the police intimidated and threatened him and coerced his confession statement, whereby the culminating effects of the statement by law was inadmissible at trial.
>
> GROUND THREE:   Manifest Weight of Evidence – There was insufficient evidence to prove each element of each offense beyond a reasonable doubt. And, when reviewing the entire record, weighing all reasonable inferences considering the credibility of the witnesses and determining whether in resolving conflicts in the evidence, the judge conducting the bench trial, clearly lost his way.  Further, it is beyond reason that the clarity of Appellant's conviction is against the manifest weight of evidence when there are absolutely no witnesses who could make any identification, nonetheless a positive identification.  There were no evidences of any sort that tied Appellant with any of the crimes, no recovered properties, nor did Appellant fit the varying descriptions of what on the surface concluded there were different assailants who committed the 6 different crimes Appellant was convicted of.
>
> GROUND FOUR:   Ineffective Assistance of Trial Counsel – Appellant contends that his Trial Counsel's performance fell below the reasonable standard and substantially prejudiced him, whereat the outcome of his trial would have been different except for Counsel's Ineffective Performance. Appellant submits in his habeas application that Trial Counsel's failure to motion the court for a change of venue when Appellant had only days prior to trial, pleaded guilty to 4 of the 10 aggravated robbery counts in the indictment. And, that because Trial Counsel elected a bench trial instead of a jury trial, by not motioning the court for a change of venue caused Appellant to be substantially prejudiced by what the very same judge maintained of the specific knowledge of facts surrounding Appellant's prior convictions and most recent plea of guilt to similar crimes that any jury would not have been privy to.
>
> GROUND FIVE:   Abuse of Discretion by the Trial Court – Appellant contends that the Trial Court abused its discretion in not recusing itself as oversight judiciary authority to preside as Trial Judge over Appellant's bench trial when the Trial Judge had just recently been privy to information that would have otherwise been excluded from a trial by jury.  Appellant submits further that the Trial Judge should have moved for a recusal in his case when the Trial Judge knew or should have know[sic] that Appellant was clearly prejudiced by his presiding presence over a bench trial.

*Id.* at 2-4.  On June 4, 2010, Respondent filed a return of writ.  ECF Dkt. #12.  On July 26,

2010, Petitioner filed a traverse.  ECF Dkt. #17.

### III.  PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Further, the Supreme Court has held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

#### A.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations is not currently at issue in this case.

#### B.  Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.

-6-

1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

(1) whether the petitioner failed to comply with an applicable state procedural rule;

(2) whether the state courts actually enforced the state procedural sanction;

(3) whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and

(4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where

state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## **IV**.  **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 31, 2010, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United

States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be

-9-

        considered.

   C.   The state court decision may be overturned only if:

       1.   It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

       2.   the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

       3.   'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

       4.   the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

   D.   Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

   E.   Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

-10-

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

### A. Procedural Default

#### 1. Grounds for Relief Numbers One, Two, Four and Five

Respondent contends that Petitioner has procedurally defaulted Grounds for Relief Numbers One, Two, Four and Five of his federal habeas corpus petition. ECF Dkt. #12 at 12. For the following reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Numbers One, Two, Four and Five.

In his first and second grounds for relief, Petitioner challenges the voluntariness of the waiver of his *Miranda* rights and his confession. ECF Dkt. #1 at 2. Petitioner contends in Ground for Relief Number One mainly that he had "Diminished Capacity" at the time of his *Miranda* waiver and confession because "he was inebriated and severely impaired by being under the influence of marijuana and embalming fluid whereby he was recognizably rendered his *Miranda* waiver and confession involuntary." *Id*. In Ground for Relief Number Two, Petitioner asserts that the trial court erred in not suppressing his confession because it was made while he was intoxicated. *Id*. at 2. He

also contends that law enforcement coerced a confession by their words and actions that they knew would elicit such a response and by threatening and intimidating him. *Id*.

The undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Number One and Two.  Respondent is correct that while Petitioner raised the issue of the involuntariness of his waiver and confession before the Ohio appellate court, he did so under a different theory and mentioned nothing about intoxication or threats and intimidation by law enforcement.  ECF Dkt. #12 at 13.  In his appellate brief, Petitioner focused on the involuntariness of his waiver and confession based upon alleged promises made to him by police detectives concerning separate charges on the robberies, the length of his prison sentence, and discussions regarding whether concurrent and consecutive sentences would apply.  ECF Dkt. #12-12 at 11-14.  Petitioner did not mention in his appellate brief that he was under the influence of drugs or other substances during his interrogation or confession or that he was threatened or intimidated by law enforcement into waiving his *Miranda* rights and confession.

Petitioner's failure to raise these issues before the Fifth District Court of Appeals on direct appeal results in the procedural default of these claims before this Court.  Ohio law states that res judicata bars issues not raised on direct appeal.  *Smith v. Warden,* No. 1:09-cv-251, 2010 WL 3075166, at *14 (S.D. Ohio Apr. 14, 2010), citing *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994); *State v. Perry*, 10 Ohio St.2d 175, 175-176, 226 N.E.2d 104, 105-106.  The Sixth Circuit Court of Appeals has recognized Ohio's law of res judicata and found that it meets the *Maupin* factors.  *Smith v. Warden*, 2010 WL 3075166, at *14, citing *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) and *Rust v. Zent*, 17 F.3d 155, 160-161 (6th Cir. 1994).

Here, Petitioner did raise the issue of his alleged intoxication and threats and intimidation by law enforcement before the Supreme Court of Ohio.  ECF Dkt. #12-17 at 6-11.  However, this does not preserve the claim for federal habeas corpus review. "The Supreme Court of Ohio has held that it will not consider constitutional claims that are not raised and preserved in the Ohio Court of Appeals." *Smith v. Warden,* No. 1:09-cv-251, 2010 WL 3075166, at *14 (S.D. Ohio Apr. 14, 2010), citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347, 352 (1971); *State v. Lynn*, [5 Ohio St.2d

106, 214 N.E.2d 226, 229 (1966).]" *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.1985) (quoting *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983)). Since Petitioner failed to raise the claims in Grounds One and Two in the Ohio court of appeals, these claims were not preserved for appeal to the Ohio Supreme Court. *Id.* Moreover, "[d]istrict courts within the Sixth Circuit 'have consistently found Ohio's procedural rule requiring claims to be presented in the lower appellate court prior to being presented to the Ohio Supreme Court to be an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.'" *Smith,* 2010 WL 3075166, at *14, quoting *Shank v. Mitchell*, No. 2:00-cv-17, 2008 WL 4449567, at *43 (S.D.Ohio Sept.30, 2008) (Marbley, J.) (citations omitted). For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Numbers One and Two.

The undersigned also recommends that the Court also find that Petitioner has procedurally defaulted his fourth and fifth grounds for relief for the same reasons. In Ground for Relief Number Four, Petitioner asserts that his trial counsel was ineffective for failing to motion the court for a change of venue since the trial judge who accepted his guilty plea to four of the nine charges in this case days prior to the bench trial on the other charges was the same trial judge who presided over the bench trial on the rest of the charges. ECF Dkt. #1 at 3. In Ground for Relief Number Five, Petitioner asserts that the trial court abused its discretion by not recusing itself from presiding over the bench trial on his charges when it was the same trial court that had accepted his guilty plea to other charges in the same case just days prior to the bench trial. *Id.*

Petitioner did not raise either of these issues in his direct appeal before the Fifth District Court of Appeals, even though he had different counsel on appeal than his trial counsel. ECF Dkt. #12-12. Rather, he presented two assignments of error before that court, the first asserting that the trial court erred in not granting his motion to suppress based upon false promises by law enforcement and the second contending that the trial court's finding of guilt was against the manifest weight of the evidence and not supported by sufficient evidence. *Id*. at 11-16. As with his claims presented in Grounds for Relief One and Two, Petitioner's failure to raise the issues presented in Grounds for

Relief Four and Five on direct appeal before the Fifth District Court of Appeals results in the procedural default of these claims before this Court.  As explained above, Ohio law states that res judicata bars issues not raised on direct appeal.  *Smith v. Warden,* No. 1:09-cv-251, 2010 WL 3075166, at *14 (S.D. Ohio Apr. 14, 2010), citing *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994); *State v. Perry*, 10 Ohio St.2d 175, 175-176, 226 N.E.2d 104, 105-106.  The Sixth Circuit Court of Appeals has recognized Ohio's law of res judicata and found that it meets the *Maupin* factors.  *Smith v. Warden*, 2010 WL 3075166, at *14, citing *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) and *Rust v. Zent*, 17 F.3d 155, 160-161 (6th Cir. 1994).

Also similar to the claims raised in Grounds for Relief Numbers One and Two, Petitioner raised the issues presented in  Grounds for Relief Numbers Four and Five to the Supreme Court of Ohio.  ECF Dkt. #12-17 at 13-16.  Again, however, this does not preserve the claims for federal habeas corpus review. "The Supreme Court of Ohio has held that it will not consider constitutional claims that are not raised and preserved in the Ohio Court of Appeals." *Smith v. Warden,* No. 1:09-cv-251, 2010 WL 3075166, at *14 (S.D. Ohio Apr. 14, 2010), citing *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347, 352 (1971); *State v. Lynn*, [5 Ohio St.2d 106, 214 N.E.2d 226, 229 (1966).]" *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.1985) (quoting *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982)*, cert. denied*, 460 U.S. 1042, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983)).  Moreover, "[d]istrict courts within the Sixth Circuit 'have consistently found Ohio's procedural rule requiring claims to be presented in the lower appellate court prior to being presented to the Ohio Supreme Court to be an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.'" *Smith,* 2010 WL 3075166, at *14, quoting *Shank v. Mitchell*, No. 2:00-cv-17, 2008 WL 4449567, at *43 (S.D.Ohio Sept.30, 2008) (Marbley, J.) (citations omitted). For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Numbers Four and Five.

### 2. **Cause and Prejudice/Fundamental Miscarriage of Justice**

The Court may excuse Petitioner's procedural default of Grounds for Relief Numbers

One, Two, Four, and Five if Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. However, Petitioner asserts no basis of cause for failing to raise these claims. Further, while he asserts that a fundamental miscarriage of justice will occur if his claims are not reviewed, he provides no "credible claim of actual innocence that is supported by reliable evidence that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 315-316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The only support Petitioner offers for his actual innocence is the review of evidence that he finds was lacking in order to convict him at trial.

For these reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Numbers One, Two, Four and Five.

### B. Noncognizability of Manifest Weight of Evidence Claim in Ground for Relief Number Three

Respondent asserts that Petitioner's third ground for relief is not cognizable in federal habeas corpus. ECF Dkt. #12 at 24. In his Third Ground for Relief, Petitioner asserts that his conviction was against the manifest weight of the evidence. ECF Dkt. #1 at 3. However, it also appears that Petitioner is trying to assert in this Ground for Relief that insufficient evidence existed with which to convict him. For the following reasons, the undersigned recommends that the Court find that Petitioner's manifest weight of the evidence assertion presented in Ground for Relief Number Three is not cognizable. To the extent that Petitioner is asserting an insufficiency of the evidence claim, the undersigned shall address that assertion in the merits portion of this Report and Recommendation.

A manifest weight of the evidence claim is not cognizable in federal habeas corpus review. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985); *Walker v. Timmerman-Cooper*, No. 1:05CV103, 2006 WL 3242101 (S.D. Ohio Oct. 5, 2006). The United States Supreme Court and the Supreme Court of Ohio have held that manifest weight claims are derived from state law, whereby the state appellate court sits as a "thirteenth juror and disagrees with fact

-15-

finder's resolution of conflicting testimony" and finds that the "jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 389, 678 N.E.2d 541, 546-548 (1997)(superseded by state constitutional amendment on other grounds, *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997), cert. denied 523 U.S. 1125 (1998)), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). Therefore, Ground for Relief Number Three does not assert a cognizable claim meriting relief from this Court.

### C. **Merits Review**

#### 1. **Ground for Relief Number Three**

While the majority of Petitioner's Ground for Relief Number Three addresses a manifest weight claim, he also appears to assert that the State of Ohio failed to present sufficient evidence to support his convictions for the crimes. ECF Dkt. #1 at 3. Petitioner did present such a claim to the Ohio appellate court and to the Supreme Court of Ohio. ECF Dkt. #12-12 at 16; ECF Dkt. #12-17. Thus, no issue of procedural default as to this part of his Ground for Relief exists.

An allegation that the verdict was entered upon insufficient evidence states a claim under the due process clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, *reh'g denied*, 444 U.S. 890 (1979), *and In re Winship*, 397 U.S. 358 (1970). On federal habeas corpus review, the District Court cannot weigh the credibility of the witnesses. *Walker v. Engle*, 703 F.2d 959, 969. Nor is the District Court permitted to overturn a conviction merely because it would have acquitted had it acted as the finder of fact. *Brown v. Davis*, 752 F.2d 1142, 1147 (6th Cir. 1985), *and Walker,* 703 F.2d at 969. In order to establish an insufficiency of the evidence claim, the relevant inquiry is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Scott v. Mitchell,* 209 F.3d 854, 885 (6th Cir. 2000), *quoting Jackson,* 443 U.S. at 319. "This

requires successful challengers to meet a very high threshold, even with respect to newly-discovered evidence." *Apanovitch v. Houk*, 466 F.3d 460, 488 (6th Cir. 2006). The inquiry is not whether the trier of fact made the *correct* determination of guilt or innocence, but whether it made a *rational* decision to acquit or convict. *Williams v. Haviland,* No. 1:05CV1014, 2006 WL 456470, *3 (N.D.Ohio Feb. 24, 2006), citing *Herrera v. Collins,* 506 U.S. 390, 402, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

Petitioner contends that no witnesses were able to identify him as the perpetrator of the crimes and no evidence was introduced that connected him to the crimes. ECF Dkt. #1 at 3. However, the Ohio appellate court outlined the pertinent law and the evidence and reasonably concluded that sufficient evidence existed to show that Petitioner committed the crimes:

> On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307...
>
> After pleading guilty to four counts of aggravated robbery, appellant was convicted of five counts of aggravated robbery and one count of attempted aggravated robbery.
>
> Appellant claims that he is the victim of mistaken identity, arguing that the robberies were committed by different people because different weapons were used to commit some of the robberies.
>
> In addition to the testimony of the robbery victims who were able to give a physical description which matched that of appellant but were unable to identify their assailants because their faces were concealed, the trial court also had before it the surveillance video showing the perpetrator in two of the robberies wearing a black flight jacket matching the one recovered at appellant's girlfriend's apartment. Head scarves, or "do-rags" matching those used in the robberies were also found there. Additionally, the license plate number of the get-away vehicle came back as registered to appellant's mother.
>
> Appellant could also be placed at the scene of the Speedway robbery because he returned looking for a set of keys he had lost there, where he encountered and identified himself to police officer Brian Muntean who was on the scene

> investigating the robbery.
>
> The trial court also had before it appellant's confession.
>
> Upon review, we find sufficient evidence that appellant committed aggravated robbery and attempted aggravated robbery, and further find no manifest miscarriage of justice.

ECF Dkt. #12-15 at 13-14. Viewing the evidence in the light most favorable to the prosecution, including Petitioner's own confession and the evidence presented at trial, the undersigned recommends that the Court find that any rational trier of fact could have found beyond a reasonable doubt that Petitioner committed the aggravated robberies and attempted aggravated robbery for which he was convicted. Accordingly, the undersigned recommends that the Court find that the Ohio appellate court did not unreasonably apply clearly established federal law or make an unreasonable determination of the facts in light of the evidence presented at trial under Ground for Relief Number Three.

## VI. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.


DATE: December 19, 2011  /s/ *George J. Limbert*
　　　　　　　　　　　　　　　　　　　　　　GEORGE J. LIMBERT
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).