IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANTE HENDERSON,** | ) | **CASE NO. 5:10 CV 339** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **KEITH SMITH, Warden,** | ) | **Magistrate Judge George J. Limbert** |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. (Document #20.) The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed by Petitioner, Dante Henderson, pursuant to 28 U.S.C. § 2254 (Docket #1) be dismissed with prejudice.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

 I. SYNOPSIS OF THE FACTS

The Fifth District Court of Appeals of Ohio set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), cert. denied, 119 S.Ct. 2403 (1999). As set forth by the Ohio Court of Appeals, the facts are:

On May 23, 2008, the Stark County Grand Jury indicted appellant, Dante Henderson, on nine (9) counts of aggravated robbery, in violation of R.C. 2925.11 and one count of attempted aggravated robbery. Each count was accompanied by a firearm specification.

Said charges arose from an investigation involving a series of robberies or attempted robberies which took place in Massillon between June, 2007, and April, 2008, which included New Home Sing Restaurant, Check into Cash, BP Oil, Pizza Pan, Papa John's, Massillon Speedway in addition to a Canton Sheetz station and a Perry Township Sheetz station.

The robberies at Pizza Pan, BP Oil and Speedway were captured on video and revealed that the perpetrator in both the Pizza Pan and Speedway robberies wore the same black flight jacket and face covering.

Massillon Police Department Detective Kenneth Hendricks and Thomas Solinger worked on the investigation.

A witness at the Perry Township Sheetz station was able to obtain the license plate number from the car driven by the perpetrators. The plate was registered to Karen Brown, who has two sons, Dante Henderson and Derrick Brown. Based on this information, Det. Solinger began looking at Brown's sons as suspects, specifically Dante Henderson.

One month later, Check into Cash was robbed again. Dt. Solinger believed Dante Henderson was again the perpetrator. He knew that Henderson had a girlfriend in Canton and suspected he would go there after the robbery. Det. Solinger contacted Canton Police Detective Greenfield and requested that Canton officers go to Henderson's girlfriend's apartment to see if Henderson was there.

Henderson and his girlfriend were both present at the apartment when police arrived. Greenfield, Hendricks and Solinger obtained consent to search the apartment from Henderson and his girlfriend. During the search officers found the flight jacket Henderson wore during the Pizza Pan and Speedway robberies, the head scarves that he used to conceal his face, a loaded Ruger .9 millimeter weapon, .9 millimeter ammunition and cash in a dresser drawer totaling within ten dollars of what had been taken from Check into Cash two hours earlier.

Henderson was transported to the Massillon Police Department. There, he was provided with his Miranda warnings for a third time. Henderson waived his rights and agreed to speak with Hendricks, Solinger

and Detective Barker. Henderson gave a 27-minute taped statement. The officers assured Henderson that they would tell the prosecutor that he cooperated with them and Henderson agreed that this was the only promise officers had made in exchange for his confession. Hendricks then read Henderson's Miranda warnings again, and Henderson acknowledged that he understood each right and desired to waive those rights.

Henderson admitted to committing all ten robberies. He explained that he covered his face with a "do-rag" for each robbery. He also admitted he didn't use the same weapon each time. The gun he used in the New Home Sing robbery was later confiscated by the Akron Police department when he was arrested for having weapons under disability. After that, he used a Ruger .9 millimeter or a chrome .22 or .25 that belonged to "Duke," his accomplice in the BP and Speedway robberies. When asked what kind of weapons he used in the Papa John's robbery, Henderson said he couldn't remember, but thought it was the black automatic pistol.

## II. PROCEDURAL HISTORY

### A. State Trial Court

On May 23, 2008, the Stark County, Ohio Grand Jury indicted Petitioner on nine counts of Aggravated Robbery in violation of ORC § 2911.01(A)(1), one count of Attempted Aggravated Robbery in violation of ORC §§ 2923.02(A) and 2911.01(A)(1), with each count accompanied by a firearm specification. ECF Dkt. #12-2 at 1.

On June 17, 2008, Petitioner, through counsel, moved to suppress any evidence obtained as a result of his statements to law enforcement on or about April 14, 2008. ECF Dkt. #12-4. Petitioner alleged that his waiver of Miranda rights and his confession were involuntarily made because they were induced by a detective's statements promising him leniency with regard to the number of gun specifications that would be charged against him. ECF Dkt. #12-4. The trial court denied the motion on September 3, 2008. ECF Dkt. #12-5.

On September 22, 2008, Petitioner entered no contest pleas to four counts of aggravated robbery. ECF Dkt. #12-7 at 1-2. The court thereafter accepted the no contest pleas and found Petitioner guilty of four counts of aggravated robbery. Id. at 2. Petitioner waived his right to be tried by the jury on the remaining counts and after a bench trial, the trial court found him guilty of five counts of aggravated robbery, one count of attempted aggravated robbery, and five firearm specifications. ECF Dkt. #12-9. The trial court acquitted Petitioner on the firearm specification that accompanied the count five aggravated robbery charge. Id. at

The trial court thereafter sentenced Petitioner on all of the convictions to a total of twenty-four years of imprisonment. Id. at 4-5.

B. Direct Appeal

On October 27, 2008, Petitioner filed a notice of appeal to the Ohio Court of Appeals for the Fifth District. ECF Dkt. #12-11. Petitioner, through counsel, filed a brief in support of his direct appeal, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS.

II. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

ECF Dkt. #12-12 at 5.

On August 17, 2009, the Fifth District Court of Appeals denied the appeal and affirmed the trial court's judgment of conviction. ECF Dkt. #12-15.

C. Supreme Court of Ohio

On September 28, 2009, Petitioner filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #12-16. Petitioner, pro se, filed a memorandum in support of jurisdiction, raising the following propositions of law:

| | |
|---|---|
| Proposition of Law No. 1: | DIMINISHED CAPACITY |
| Proposition of Law No. 2: | TRIAL COURT ERRED WHEN NOT SUPPRESSING CONFESSION STATEMENT |
| Proposition of Law No. 3: | MANIFEST WEIGHT OF EVIDENCE |
| Proposition of Law No. 4: | INEFFECTIVE ASSISTANCE OF COUNSEL |
| Proposition of Law No. 5: | ABUSE OF DISCRETION BY THE TRIAL COURT |

ECF Dkt. #12-17 at 6-17. On December 2, 2009, the Supreme Court of Ohio dismissed the appeal as not involving a substantial constitutional question. ECF Dkt. #12-18 at 1.

D. 28 U.S.C. § 2254 Petition

On January 31, 2010, Petitioner filed the instant petition for a writ of

-4-

federal habeas corpus. ECF Dkt. #1. Petitioner raises the following grounds for relief:

> GROUND ONE: Diminished Capacity – Appellant contends that he was inebriated and severely impaired by being under the influence of marijuana and embalming fluid whereby he was recognizably incapacitated at time he is supposed cognitive to waive Miranda Rights. That he clearly suffered from Diminished Capacity in a very compound sense, and thus, is not held culpable for such a waiver, violating his most basic and fundamental Constitutional Rights to Due Process, Right to Legal Counsel prior to any and all questioning, and as a circumference; denied his rights to a fair trial.
>
> GROUND TWO: Appellant was denied his Constitution[sic] Right under the Fifth, Sixth, and Fourteenth Amendment[sic] to the United States Constitution when the Trial Court failed to suppress Confession Statement made without legal counsel and while Appellant was clearly and substantially impaired by being under the heavy use and severe intoxicating effects of marijuana and embalming fluid. Further, Appellant submits that his interrogation comprised of words and actions on the part of the police that the police knew were reasonably likely to elicit an incriminating response from him. That the police intimidated and threatened him and coerced his confession statement, whereby the culminating effects of the statement by law was inadmissible at trial.
>
> GROUND THREE: Manifest Weight of Evidence – There was insufficient evidence to prove each element of each offense beyond a reasonable doubt.  And, when reviewing the entire record, weighing all reasonable inferences considering the credibility of the witnesses and determining whether in resolving conflicts in the evidence, the judge conducting the bench trial, clearly lost his way. Further, it is beyond reason that the clarity of Appellant's conviction is against the manifest weight of evidence when there are absolutely no witnesses who could make any identification, nonetheless a positive identification. There were no evidences of any sort that tied Appellant with any of the crimes, no recovered properties, nor did Appellant fit the varying descriptions of what on the surface concluded there were different assailants who committed the 6 different crimes Appellant was convicted of.
>
> GROUND FOUR: Ineffective Assistance of Trial Counsel – Appellant contends that his Trial Counsel's performance fell below the reasonable standard and substantially prejudiced him, whereat

>the outcome of his trial would have been different except for Counsel's Ineffective Performance. Appellant submits in his habeas application that Trial Counsel's failure to motion the court for a change of venue when Appellant had only days prior to trial, pleaded guilty to 4 of the 10 aggravated robbery counts in the indictment. And, that because Trial Counsel elected a bench trial instead of a jury trial, by not motioning the court for a change of venue caused Appellant to be substantially prejudiced by what the very same judge maintained of the specific knowledge of facts surrounding Appellant's prior convictions and most recent plea of guilt to similar crimes that any jury would not have been privy to.
>
>GROUND FIVE: Abuse of Discretion by the Trial Court – Appellant contends that the Trial Court abused its discretion in not recusing itself as oversight judiciary authority to preside as Trial Judge over Appellant's bench trial when the Trial Judge had just recently been privy to information that would have otherwise been excluded from a trial by jury. Appellant submits further that the Trial Judge should have moved for a recusal in his case when the Trial Judge knew or should have know[sic] that Appellant was clearly prejudiced by his presiding presence over a bench trial.

Id. at 2-4. On June 4, 2010, Respondent filed a return of writ. ECF Dkt. #12. On

July 26, 2010, Petitioner filed a traverse. ECF Dkt. #17.

**Report and Recommendation**

On December 19, 2011, the Magistrate Judge issued his Report and Recommendation. (Docket #20.) Based upon a thorough review of the proceedings in this case, the Magistrate Judge recommends that the Petition be dismissed with prejudice.

The Court received a letter dated December 25, 2011 from Petitioner stating he objects to the Report and Recommendation and that he planned to send a memorandum in support in a timely manner. The Magistrate Judge's Report and Recommendation allows Petitioner to object to the Report and Recommendation within 14 days of service. Petitioner had notice of the Report and Recommendation on December 25, 2011, at the very latest, giving him until January 9, 2012 to file his objections with the Court. No objections have been filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Report and Recommendation (Docket #20) is

ADOPTED.

The Petition for Writ of Habeas Corpus filed by Dante Henderson pursuant to 28 U.S.C. § 2254 (Docket #1) is hereby DISMISSED WITH PREJUDICE.  This case is hereby TERMINATED.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling.  *Id.*  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 10, 2012